## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LAURA SUE CRISP, a Texas resident, Individually, as representative of the Estate of Robert Crisp and as next friend to T.C. and J.J, minors,** | § § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. _____** |
| **v.** | § § | |
| **NISSAN MOTOR CO. LTD., a foreign corporation; and NISSAN OF NORTH AMERICA INC., a California Corporation,** | § § § § | **JURY DEMAND** |
| **Defendants.** | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

1.      Laura Sue Crisp, Individually, as representative of the Estate of Robert Crisp and as next friend to T.C. and J.J., minors, Plaintiff, brings the following claims against Defendants and respectfully states:

### PARTIES

2.      Plaintiff, Laura Sue Crisp, Individually, as representative of the Estate of Robert Crisp and as next friend to T.C. and J.J., minors, ("Plaintiff") is a resident of Kingsbury, Guadalupe County, Texas.

3.      Defendant, Nissan Motor Co. Ltd. is a foreign corporation with its principal place of business at 1-1, Takashima 1-chome, Nishi-ku, Yokohamashi, Kanagawa 220-8686, Japan. Nissan Motor Co. Ltd. is and, at all relevant times, was doing business in the State of Texas by

1

selling and distributing motor vehicles through a worldwide chain of distribution.  This Defendant can be served via The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, TIAS #10072 and 20 UST 361, at 1-1, Takashima 1-chome, Nishi-ku, Yokohama-shi, Kanagawa 220-868, Japan.

4.      Defendant, Nissan North America Inc. is a California corporation with its principal place of business located in Tennessee and, at all relevant times, was doing business in the State of Texas by selling and distributing motor vehicles throughout the state. This Defendant can be served via its registered agent, CSC-Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701.

## JURISDICTION AND VENUE

5.      This court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000.

6.      Venue is proper in this judicial district pursuant to 13 U.S.C. §1391, et seq. because all or a substantial part of the events giving rise to the subject claims occurred within this District.

## FACTS

7.      On or about May 26, 2018, Robert Crisp was the driver of a seat of a 2018 Nissan Frontier, VIN # 1N6AB0EV3JN722321 ("subject vehicle" or "Crisp vehicle") traveling south on Farm to Market Road 3353 in Guadalupe County, Texas.  T.C. and J.J., were passengers in the subject vehicle.

8.      The subject vehicle was traveling at or below the posted speed limit at all relevant times.

9.      At approximately 11:03 p.m. Tammy Smith was driving a white 2016 Mercedes Benz GL ("Smith vehicle") north on Farm to Market Road 3353. Smith failed to negotiate a curve,

went off the roadway to the right, overcorrected to the left and re-entered Farm to Market Road 3353.  Smith's Mercedes Benz struck the Crisp vehicle in a frontal offset impact on the driver's side. The occupant cabin on the Nissan Frontier failed to maintain its integrity and deformed into Mr. Crisp's survival space. Mr. Crisp was trapped inside the Frontier as a result of the collapse of the occupant cabin.

10.     After the two vehicles came to rest, a fire began beneath Smith's Mercedes vehicle and spread to the Nissan Frontier. Robert Crisp survived the initial crash without life threatening injuries but was trapped inside his vehicle as the fire slowly spread and engulfed the Nissan vehicle. As Crisp was trapped inside the vehicle, witnesses describe how he assisted them in freeing T.C., his thirteen-year-old son, who was unable to get out of the front passenger seat of the vehicle. After the witnesses were able to get T.C. out of the vehicle, they turned their attention to freeing Mr. Crisp. Tragically, the witnesses were unable to free Mr. Crisp, and report hearing his screams as the fire completely engulfed the vehicle and forced them to abandon their efforts. Crisp's minor sons, T.C. and J.J., were in the immediate vicinity waiting for first responders to arrive as their father was trapped in the burning vehicle. Both boys suffered burn injuries and witnessed their father burned alive. Eventually, Mr. Crisp died at the scene.

## STRICT LIABILITY CAUSES OF ACTION

11.     Plaintiff adopts and re-alleges each paragraph set forth above.

12.     At all times material to this action, Nissan Motor Co. Ltd. and Nissan North America Inc. (collectively "Defendants") were in the business of designing, testing, engineering, manufacturing, marketing, distributing, selling and supplying motor vehicles for use in Texas and throughout the United States.

13.     At the time these Defendants designed, built, marketed, and sold the subject vehicle it was entirely foreseeable and well known that accidents and incidents such as the one herein would on occasion take place in the ordinary foreseeable use of the vehicle. The Nissan Defendants were well aware that frontal offset collisions are one of the most common crash modalities and that the occupant cabin on the subject vehicle would need to be designed to protect occupants in the event of such a crash.

14.     The subject Nissan was unreasonably dangerous and defective because it was not reasonably crashworthy and was not reasonably fit to provide occupant protection in the event of a frontal collision.

15. There were safer alternative designs for the Nissan that were economically and technologically feasible and which would have significantly reduced the likelihood for the damages alleged herein.

16.     The foregoing acts and omissions were a producing cause of Crisp's death and Plaintiff's damages alleged herein.

## NEGLIGENCE CAUSES OF ACTION

17.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

18.     Defendants had a duty to exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of the Nissan Frontier.  Defendants had the duty to ensure the 2018 Nissan Frontier were able to reasonably protect occupants in the event of a crash. There was a clear, foreseeable risk that if Defendants failed to incorporate crashworthiness designs for these products, the safety of the Nissan Frontier occupants was at risk.

19.     Defendants knew, or in the exercise of ordinary care should have known, that the 2018 Nissan Frontier was defective and/or unreasonably dangerous to those persons likely to use the vehicle for the purpose and in the manner of which it was intended to be used.

20.     The type of frontal impact incident that occurred is not uncommon and was entirely foreseeable to the Defendants. Defendants' failure to adequately plan, test, design, and manufacture a vehicle equipped to provide adequate occupant protection in the event of frontal impact crashes was negligent.

21.     Defendants breached their duty by defectively designing, manufacturing, testing, and failing to warn of the hazards associated with the subject vehicle.

22.     The foregoing negligent acts and omissions were a proximate cause of Robert Crisp's death and Plaintiff's damages alleged herein.

### GROSS NEGLIGENCE CAUSE OF ACTION

23.     Plaintiffs repeat and re-allege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

24.     Defendants' conduct complained of above constitutes gross negligence. Defendants' conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct constitutes willful and wanton disregard for the rights and safety of drivers, including Mr. Crisp.

25.     Further, Defendants, by and through their employees and agents, had actual, subjective awareness of the risks to drivers seated in the front of the 2018 Nissan Frontier but proceeded with conscious indifference to the rights, safety, or welfare of such drivers, including Mr. Crisp.

5

**BYSTANDER CAUSE OF ACTION**

26.     Plaintiffs repeat and re-allege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

27.     Plaintiffs T.C. and J.J. were passengers in the vehicle and thus were present at the scene of this incident. Plaintiffs T.C. and J.J. are closely related to Robert Crisp. Plaintiffs T.C. and J.J. suffered contemporaneous shock associated with witnessing Robert Crisp's injuries and death. Plaintiffs suffered mental anguish in the past, and will suffer mental anguish in the future as a result of their contemporaneous perception of Robert Crisp's injuries and death.

**DAMAGES**

28.     Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

29.     As a result of Defendants' acts and omissions, Mr. Crisp lost his life.

30.     Plaintiff seeks damages for Mr. Crisp's personal injury, conscious pain and suffering, and mental anguish. Plaintiff also seek damages for the burial and funeral costs associated with Mr. Crisp's death.

31.     Plaintiff has suffered past and future: loss of care, maintenance, support, service, advice, counsel, and reasonable contributions of the pecuniary value, loss of companionship and society, loss of consortium, emotional distress and mental anguish as a result of the death of Robert Crisp. Plaintiff seeks all damages available under the Texas Wrongful Death Act, both past and future.

32.     Plaintiff seeks mental anguish damages for T.C and J.C. for their contemporaneous perception of their father's injuries and death.

33.     Plaintiff seeks exemplary damages against all Defendants associated with the gross negligence claims set forth herein.

34.     The above and foregoing acts and/or omissions of one or more of the Defendants, resulting in the fatal injuries Robert Crisp, have caused actual damages to Plaintiff in an amount within the minimum jurisdictional limits of this Court.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

35.     Plaintiff herein claims interest at the maximum legal rate.

## JURY DEMAND AND PRAYER

36.     Plaintiffs request that a jury be convened to try the factual issues of this case.

37.     Plaintiffs pray that judgment be entered in their favor against Defendants, jointly and severally, for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, and for such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Jeffrey T. Embry*
Jeffrey T. Embry
State Bar No. 24002052
jeff@hossleyembry.com
Attorney-In-Charge
Matt Montgomery
State Bar No. 24041509
matt@hossleyembry.com
Christopher P. Peirce
State Bar No. 24046604
cpeirce@hossleyembry.com
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Ph.  903-526-1772
Fax. 903-526-1773
***ATTORNEYS FOR PLAINTIFF***