IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LAURA SUE CRISP, A TEXAS RESIDENT, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF ROBERT CRISP AND AS NEXT FRIEND TO T.C. AND J.J., MINORS;<br>*Plaintiff*<br><br>v.<br><br>NISSAN MOTOR CORPORATION LTD., A FOREIGN CORPORATION; AND NISSAN OF NORTH AMERICA, INC., A CALIFORNIA CORPORATION;<br>*Defendants* | § § § § § § § § § § § § § § § | SA-20-CV-00220-XR |

**ORDER**

On this day, the Court considered Plaintiff's motion to compel regarding the scope of discovery (ECF 23) and Defendants' response (ECF 24 Ex. A). After careful consideration, the Court issues the following order.

**BACKGROUND**

This products liability case arises out of the death of Robert Crisp and injuries to two minor plaintiffs, T.C. and J.J. Plaintiff alleges that on May 26, 2018, Robert Crisp was the driver of a 2018 Nissan Frontier traveling south on Farm to Market Road 3353 in Guadalupe County, Texas, along with T.C. and J.J. ECF 7 ¶ 7. Around 11:00p.m., Tammy Smith was driving a 2016 Mercedes Benz GL in the northbound direction of the same road. *Id.* ¶ 9. Ms. Smith lost control of her vehicle and found herself on the southbound lane of Farm to Market Road 3353. *Id.* She struck the driver's side of Mr. Crisp's Nissan Frontier, resulting in the collapse and deformation of Nissan Frontier's cabin. *Id.*

1

The two vehicles caught fire after they came to rest. *Id.* ¶ 10. Mr. Crisp was alive but trapped inside the vehicle as the fire spread. *Id.* Bystanders freed T.C., Mr. Crisp's thirteen-year-old son, but were unable to free him. *Id.* T.C. and J.J. survived but suffered burns and watched their father burn alive. *Id.* On March 2, 2020, Plaintiff filed her First Amended Complaint alleging claims against two Nissan entities ("Defendants") for strict products liability and negligence. *Id.* ¶¶ 11–25. In her Complaint, Plaintiff Laura Crisp alleges that the Nissan Frontier was unreasonably dangerous because a feasible alternative design would not have resulted in the deformation of the vehicle's cabin and trapped Mr. Crisp and his sons. *Id.* ¶¶ 14–15.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets out the scope of permissible discovery, stating that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). If the Court determines that proposed discovery is outside this scope, the Court "must limit the frequency or extent of discovery otherwise allowed by these rules[.]" FED. R. CIV. P. 26(b)(2)(C)(iii). "Trial courts are afforded substantial discretion in determining whether to grant or deny a motion to compel discovery." *Escamilla v. United States*, No. 14-246, 2015 WL 12732889, at *2 (W.D. Tex. Apr. 13, 2015).

**II.     Analysis**

Plaintiff argues that Defendants wrongfully objected to Plaintiff's request for documents and interrogatories related to vehicles that are substantially similar to the Nissan Frontier and refused to produce discoverable information. ECF 23 at 5. Specifically, Plaintiff asserts that Defendants designed and sold similar vehicles in foreign countries that are governed by slightly different safety regulations. *Id.* at 3–4. She claims that the designs of these vehicles are relevant to the question of whether a feasible alternative design existed, but Defendants have refused to produce evidence relating to the non-U.S. versions of the Nissan Frontier. *Id.* at 3–6.

Plaintiff seeks materials related to the Nissan NP300/Nissan NP300 Navara and the Mercedes X-class. *Id.* at 4. In support of her argument that these vehicles are substantially similar to the Nissan Frontier, Plaintiff cites to brochures of each vehicle and industry articles comparing them. *Id.* Exs. A, B, C, D, E, F, and G.[1] Based on this material, Plaintiff asserts that the Nissan NP300 Navara was a model of the Nissan Frontier that was sold overseas, and that the Mercedes X-class was the product of a joint venture between Nissan and Mercedes to produce a similar version of the Frontier. *Id.* at 3. Accordingly, these "sister vehicles almost certainly contain significant differences in the occupant cabin design—which directly impacts their ability to maintain cabin integrity during a frontal collision" and could serve as a feasible alternative design in this litigation. *Id.* at 4.

Defendants argue that the Nissan NP300 and Mercedes X-class vehicles are not substantially similar to the Nissan Frontier involved in the collision underlying this case. ECF 24 Ex. A at 7. They assert that the evidence provided by Plaintiff does not support her conclusion that the vehicles are substantially similar and that Plaintiff should have offered "engineering

---

[1] Defendants object to Exhibits C, D, E, F and G because "they are hearsay and not subject to any exception." ECF 24 Ex. A at 7–8. Hearsay is not a proper objection to a discovery request. Therefore, the Court declines to consider such an objection until made at an appropriate stage of litigation.

evidence." *Id*. Defendants offer their own "engineering evidence" to support their argument that the vehicles are dissimilar. They cite to the Declaration of Kazuhiko Tsukaguchi, which highlights numerous factors one can consider when "evaluating the performance of the Subject Vehicle and reasonableness of its design." ECF 24 Ex. 13 ¶¶ 14–17. Mr. Tsukaguchi explains the ways that the referenced vehicles are not substantially similar. *Id*. ¶ 21(d)–(e). Put simply, Mr. Tsukaguchi asserts that the differences between the vehicles "would not yield information useful to determining the performance of the Subject Vehicle." *Id*. Defendants cite *Acosta v. FCA US LLC* for the proposition that Mr. Tsukaguchi's declaration is sufficient evidence to deny Plaintiff's motion. No. PE:16-CV-17-DAE-DF, 2016 WL 10568253 (W.D. Tex. Oct. 7, 2016).

This argument misses the mark. The point of seeking documentation of alternative cabin designs is to show that a safer alternative design was feasible. Plaintiff is not seeking this evidence to aid in "determining the performance of the Subject Vehicle," but instead to investigate the performance of different vehicles. If the evidence so bears out, Plaintiff can then argue that the Subject Vehicle could have had a safer design. TEX. CIV. PRAC. & REM. CODE § 82.005(a)(1)–(2). The defense may then rebut the Plaintiff's argument. However, that battle is inappropriate during discovery. "The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less a game of blind man's b[l]uff and more a fair contest.'" *Chiasson v. Zapata Gulf Marine Corp*., 988 F.2d 513, 517 (5th Cir. 1993) (citing *United States v. Procter & Gamble Co*., 356 U.S. 677, 682 (1958))

Further, Defendants' reliance on *Acosta* is inapposite. No. PE:16-CV-17-DAE-DF, 2016 WL 10568253 (W.D. Tex. Oct. 7, 2016). In that case, the court denied the plaintiff's motion to compel discovery after substantial discovery had been exchanged. That case was a products liability case involving a Dodge Ram pickup truck. The defendant had already produced design

information relating to the Dodge Ram 1500—the same model as the plaintiff's vehicle—and the Dodge Ram 2500 and 3500. In denying the plaintiff's motion for additional discovery, the court relied in part on the affidavit of the defense's engineer, which "demonstrate[d] that the 1994 through 2004 trucks, Jeeps, passenger cars, and minivans do not have substantially similar roof structures to the vehicle in question." *Id*. 2016 WL 10568253, at *4.

But Plaintiff here does not seek design information for Jeeps, passenger cars, minivans, or trucks designed 20 years ago. Plaintiff only seeks documents and information relating to other pickup trucks which were designed within roughly the same time period as the Subject Vehicle. The NP300 is even sold under the model names "NP300 Navara and NP300 Frontier." ECF 24 Ex. 13 ¶ 21(d). Plaintiff does not seek the design information of vehicles of a wholly different nature, as did the plaintiff in *Acosta*. The Court finds that the Plaintiff requests design information relating to vehicles that are similar to the Subject Vehicle. Thus, the information sought is relevant for discovery purposes.

Defendants next argue that the appropriate scope of discovery does not include the foreign-sold vehicle designs mentioned above, only the 2005–2020 Nissan Frontier Crew Cab U.S. model series ("U.S. Model"). ECF 24 Ex. A. at 3. They assert that Plaintiff is on a "fishing expedition," blindly chasing irrelevant evidence "in the hope of finding a safer alternative design." *Id.* at 14. The Court disagrees. That the Plaintiff cannot prove right now that the designs of the NP300 and Mercedes X-class were safer than the design of the Nissan Frontier is not a reason to deny discovery. Plaintiff has shown that these vehicles are similar enough that their designs are relevant and should be permitted to explore whether the designs of the cabin in these vehicles would have been safer than that of the Nissan Frontier.

Accordingly, the Court overrules Defendants' objections to Plaintiff's discovery requests. The Court further clarifies that the scope of discovery includes not only the exact model of the Nissan Frontier at issue in this case, but also pickup truck models that are reasonably similar to the Nissan Frontier such that there exists a reasonable probability that inspection of their designs will aid in the determination of whether a feasible alternative design existed prior to the collision that underlies this case.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Compel Regarding the Scope of Discovery. ECF 23.

It is so **ORDERED**.

**SIGNED** this 20th day of October, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE